Eastern District of Kentucky
**FILED**

DEC 1 5 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-95-JBC

DILLARD J. PETERS, PLAINTIFF

V. **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration, DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Dillard J. Peters, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) that were protectively filed on January 22, 2001, he was not disabled and was not entitled to disability benefits.

This matter is before the court on cross-motions for summary judgment. [DE ##7, 11].

By Order of September 27, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff alleged that he became disabled on January 18, 2001, at age 47, due to a heart condition, vertigo, poor vision, low back pain, and arthritis. (Tr. 19). Plaintiff's DIB and SSI applications were denied initially and on reconsideration, resulting in ALJ hearings conducted on February 9, 2002, and August 8, 2002. On October 29, 2002, ALJ Ronald M. Kayser found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits. (Tr. 18-25).

Thereafter, the Appeals Council granted plaintiff's request for review of the ALJ's decision, and on March 28, 2003, the Appeals Council remanded this case to the ALJ, with the following directions:

> Upon remand, the Administrative Law Judge will provide the claimant and his representative an opportunity to submit any additional medical evidence of treatment that he has received since August 8, 2002, the date of the information in Exhibit 34F. Once the development is complete, Exhibit 34F and any additional evidence will be forwarded to the medical expert. A supplemental hearing will then be scheduled. If warranted by the additional development, supplemental evidence from a vocational expert may also be needed.
>
> The claimant filed subsequent claims for a period of disability and disability insurance benefits and for supplemental security income benefits on October 15, 2002. The Appeals Council's action with respect to the current claims renders the subsequent claims duplicate. Therefore, the Administrative Law Judge will associate the claim files and issue a new decision on the associated claims.
>
> In compliance with the above, the Administrative Law Judge will take any further action needed to complete the administrative record and issue a new decision.

Tr. 81-82.

Subsequently, in compliance with the directions of the Appeals Council, medical evidence of treatment plaintiff had received after August 8, 2002, was compiled, was forwarded to a medical expert for review, and another ALJ hearing was held on August 30, 2004. On September 21, 2004, ALJ Ronald M. Kayser issued a decision on plaintiff's associated claims[1] and found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits. (Tr. 49-57).

On February 2, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 10-12). Thereafter, plaintiff filed an action for judicial review of the Commissioner's denial decision.

Plaintiff was born on October 29, 1953, has a high school equivalent education, and has past relevant work experience (PRW) as a taxi driver, tire retreader, and gas station attendant. (Tr. 19).

---

[1] Plaintiff filed a third DIB application on February 11, 2003, which was consolidated with the prior applications filed on January 22, 2001, and October 15, 2002, respectively.

2

Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date, (2) claimant's atrial fibrillation, degenerative disc disease of the lumbar spine, vertigo, and decreased hearing impairments are "severe" impairments; however, these medically determinable impairments do not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant has the residual functional capacity to perform a significant range of light work, with certain restrictions; (5) claimant is unable to perform any of his PRW; (6) claimant has no transferable skills from any PRW; (7) although claimant's exertional limitations do not permit him to perform the full range of light work, using Medical-Vocational Rule 202.13 as a framework for decision-making, there is a significant number of jobs in the national economy that claimant can perform, such as assembly-light unskilled work, hand packing-light unskilled work, and laborer-light unskilled work; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, September 21, 2004. (Tr. 18-25).

With the denial by the Appeals Council of plaintiff's request to review the ALJ's decision, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff appears to argue that (1) the ALJ failed to give sufficient weight to the treating physicians' opinions, an alleged violation of the treating physician rule; (2) the ALJ improperly relied on the medical opinion of Dr. Ratliff; and (3) there are "substantial portions of the record apparently missing" (Plaintiff's brief, page 28), including the qualifications of the Commissioner's medical expert, Dr. Leonard Sommer. For all of the foregoing reasons, plaintiff submits that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed, and that he should be awarded disability benefits. Alternatively, plaintiff requests that this case be remanded for further proceedings.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decisions dated October 29, 2002, and September 21, 2004, the medical evidence of record (Exhibits 1F through 42F), and the transcripts of the ALJ hearings.

### A. Weight given to the treating physicians' opinions

Plaintiff contends that the ALJ erred by not giving sufficient weight to the opinions of his treating physicians. More particularly, plaintiff asserts that the record contains "uncontradicted pronouncements of total disability" from Drs. Rao, Yalamanchi, and Mongiardo.

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how

4

consistent the opinion is with record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. § 404.1527(d) (2005).

i.      **Dr. Rao**

Plaintiff's reference to a Dr. Rao is erroneous. The record reflects that plaintiff has not been examined or treated by a Dr. Rao. However, there is a statement of record from a Dr. N. Rao Podapati dated July 26, 2004 and addressed "To Whom It May Concern," which states, in relevant part, as follows:

> Mr. Dillard Peters suffers from chronic dizzy spells with inner ear problem. He also has chronic stable angina with arrhythmia. Due to his medical conditions, patient is totally disabled. He is unable to perform meaningful employment.

Tr. 651 (Exhibit F45).

The Magistrate Judge assumes that plaintiff's reference to Dr. Rao is actually a reference to the foregoing statement by Dr. N. Rao Podapati. Contrary to plaintiff's argument, this statement is not "uncontradicted," as seen by the fact that a September 2002 cardiac catheterization showed "non-critical" coronary artery disease and normal left ventricular function (Tr. 565). Additionally, a stress test performed while plaintiff was taking his medication produced no arrhythmia with seven minutes of exercise. (Tr. 562-63).

Furthermore, Dr. Podapati's one-page letter is unsupported by any office notes or any other medical evidence to support his opinion; thus, it is questionable whether Dr. Podapati is a treating physician. However, even if Dr. Podapati were a treating physician, since there is no objective medical evidence or clinical findings to support Dr. Podapati's opinion that plaintiff is "totally disabled," the ALJ was not obligated to give controlling weight to such opinion.

Additionally, Dr. Podapati's statement is refuted by the report of Dr. Rita Ratliff, who examined plaintiff in December 2002 (Tr. 569-73). Dr. Ratliff performed a comprehensive examination, with detailed findings, that addressed all of plaintiff's complaints - atrial fibrillation, vertigo, shortness of breath, back pain, and hearing loss (Tr. 569-70). Dr. Ratliff noted restrictions for activities that require turning of the head, looking upward or downward, quick movements of the

5

head, and climbing and operating machinery. (Tr. 572). These same restrictions were included in the ALJ's residual functional capacity findings. (Tr. 24, Finding No. 6).

Dr. Podapati's opinion is also contradicted by the testimony of the Commissioner's medical expert, Dr. Leonard Sommer, who testified at plaintiff's most recent hearing in August 2004. (Tr. 711-24). Dr. Sommer specifically addressed plaintiff's coronary condition and stated that the evidence did not show angina because angina implies underlying coronary artery obstructive disease, which plaintiff did not have. (Tr. 714-15). Dr. Sommer stated plaintiff was "not very limited" from a cardiac point of view (Tr. 716), and he also doubted that plaintiff's dizziness, given plaintiff's well-controlled heart rate, was a disabling feature. (Tr. 717).

### ii.  Dr. Vidya B. Yalamanchi

Dr. Robert Cornett referred plaintiff to Dr. Vidya B. Yalamanchi, a physician at the Appalachian Heart Center in Hazard, Kentucky. Dr. Yalamanchi saw plaintiff on August 10, 2001, August 22, 2001, August 30, 2001, November 28, 2001, and January 2, 2002. There is no opinion expressed in Dr. Yalamanchi's office notes from the foregoing dates that plaintiff is disabled by his heart condition.

### iii.  Dr. F.D. Mongiardo

In 2001, Dr. Mongiardo treated plaintiff for his complaints of dizziness, describing it as mild (Tr. 324), benign (Tr. 322), and occasional (Tr. 502). He advised plaintiff to go to physical therapy and to stop smoking (Tr. 502). In March 2002, plaintiff complained of worsening symptoms, although he stated medication did provide some relief. He was referred back to physical therapy (Tr. 501), and within three months, he reported improvement with physical therapy and medications. (Tr. 495). Thus, there is no opinion of record by Dr. Mongiardo that plaintiff is totally disabled.

Furthermore, concerning plaintiff's complaints of dizziness, contrary to plaintiff's argument, the ALJ did not ignore or discount the limitations related to dizziness. Instead, the ALJ incorporated those limitations into his findings, as follows: "no climbing ropes, scaffolds or ladders; occasional balancing and climbing ramps and stairs; frequent stooping, crouching, kneeling, and crawling; avoid

noisy environments, unprotected heights, and hazardous machinery; avoid driving machinery or operating equipment; and avoid sudden turning of head, looking up or down, or quick movements." (Finding No. 6, Tr. 24). Consequently, the Magistrate Judge concludes that plaintiff's vertigo and its resulting limitations are not disabling conditions.

**B.     The medical opinion of Dr. Ratliff**

Plaintiff also contends that the ALJ improperly relied on the medical opinion of Dr. Rita Ratliff, who examined plaintiff in December 2002. (Tr. 569-73). As grounds for this argument, plaintiff notes that in 1998, ALJ Mark Dawson criticized the Commissioner for referring claimants to Dr. Ratliff for a consultative evaluation.

However, as noted by the Commissioner, ALJ Dawson's opinions expressed in 1998 concerning Dr. Ratliff and other physicians are certainly not binding on any other ALJ, particularly one who issues a decision six years later, and ALJ Dawson's personal opinion of Dr. Ratliff and certain other physicians is not an official statement of Agency position or policy against reliance on consultative examinations performed by these medical sources. Consequently, the Magistrate Judge is unpersuaded by plaintiff's argument that the ALJ erred in relying on Dr. Ratliff's opinion.

**C.     Missing portions of the record**

Plaintiff also claims that the ALJ's decision is flawed because there are "substantial portions of the record apparently missing" (Plaintiff's brief, page 28), including the qualifications of the Commissioner's medical expert, Dr. Leonard Sommer.

Concerning the qualifications of Dr. Leonard Sommer, the Commissioner's medical expert, the record reflects that at the ALJ hearing in August 2004, plaintiff's counsel at that time, Stephen Calvert, stipulated to Dr. Sommer's qualifications (Tr. 711), and that the ALJ did not rely on or even make reference to the testimony from the medical expert at the prior ALJ hearing two years earlier, in August of 2002. Therefore, plaintiff's argument that the ALJ's decision is fatally flawed because the record does not contain Dr. Sommer's qualifications, when his counsel at the ALJ hearing

7

stipulated to Dr. Sommer's qualifications, and qualifications of the medical expert who testified at plaintiff's ALJ hearing in August of 2002, is without merit.

Plaintiff also notes that certain SSI exhibits were not included in the record. In response, the Commissioner advises that these missing exhibits are the SSI applications and notices of the state agency SSI determinations at the initial and reconsideration stages. Since these documents are administrative documents, as opposed to "medical" evidence that compromised the full development of the record, and since the ALJ's decision is based primarily on the medical evidence, not administrative documents, the Magistrate Judge is unpersuaded by plaintiff's argument that these missing documents somehow resulted in a flawed ALJ decision. The medical reviews relevant to the administrative decisions at the initial and reconsideration stages, *i.e.*, the assessments by the state agency physicians, were in fact included in the record (Tr. 310-21, 329-38). Thus, the absence of the administrative documents is of no moment.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #7] be **DENIED**, that the defendant's motion for summary judgment [DE #11] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed,

474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This  15th  day of December, 2005.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE