UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-95-JBC**

**DILLARD J. PETERS,**                                                                                                              **PLAINTIFF,**

**V.**                                    **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Dillard Peters, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation, to which the plaintiff filed objections. The court, having reviewed the record *de novo* in light of the plaintiff's objections, will adopt the magistrate judge's report and recommendation, grant the Commissioner's motion for summary judgment, and deny the plaintiff's motion for summary judgment.

**Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial

evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595, quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the magistrate judge's report and recommendation, stating that "significant due process errors were committed throughout the administrative [process]" and that the ALJ's opinion was not supported by substantial evidence. Specifically, he argues that the ALJ improperly relied on testimony from a medical expert, that the administrative record is incomplete, and that the ALJ discounted the opinions of treating physicians.

***The medical expert***

In reaching his decision, the ALJ afforded substantial probative weight to the testimony of Dr. Sommers, a medical expert who reviewed the medical evidence and offered an opinion concerning Mr. Peters's diagnosis. Mr. Peters objects to the ALJ's consideration of the medical expert's testimony because his medical qualifications are missing from the record, because it is unclear what medical

records he received and reviewed, and because he did not reference medical records dated after 2002.

The transcript of the August 2004 hearing indicates that plaintiff's counsel stipulated to Dr. Sommers's qualifications. This stipulation obviated the need for a recitation of the expert's qualifications. Nor is there any indication that Dr. Sommers received an incomplete set of medical records, or that he did not consider records dated after 2002. Indeed, the ALJ asked Dr. Sommers about a letter dated July 26, 2004, from one of the plaintiff's treating physicians. Dr. Sommers also noted – consistent with medical records prepared in 2004 and cited by the plaintiff – that Mr. Peters has been in atrial fibrillation since 2002. Because the ALJ properly relied on Dr. Sommers's opinion, the court will not overturn the ALJ's decision on this ground.

### *The administrative record*

Mr. Peters argues that the administrative record is missing relevant medical evidence related to his allegations of disability and, therefore, he is entitled to remand. Where an incomplete record results in prejudice to the plaintiff, the matter must be remanded. *See, e.g., Mandziej v. Chater*, 944 F. Supp. 121, 130 (D. N.H. 1996). The ALJ's decision is supported by substantial evidence. In reaching it, the ALJ considered reports prepared by Drs. Ganeshram, Podapati, Yalamanchi, Mongiardo, and Ratliff, and the testimony of Dr. Sommers. All of this information is in the administrative record. In contrast, the omitted records are administrative documents, not relevant medical evidence. (Tr. 8). The absence of these

documents from the administrative record did not prejudice the plaintiff or limit his ability to receive a fair decision concerning his allegations of disability. Therefore, the court will not overturn the ALJ's decision on this ground.

***Opinions of treating physicians***

The plaintiff argues that treatment notes from Drs. Podapati, Yalamanchi, and Mongiardo reflect disabling cardiac limitations, and that Dr. Sharma has documented disabling back problems. He also objects to Dr. Ratliff's examination, arguing that it was not comprehensive.

A treating physician's opinion is entitled to great weight unless there is persuasive contradictory evidence. *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 287 (6th Cir. 1994). In this case, the plaintiff's interpretation of his medical records does not conform to that of Dr. Sommers, who reviewed the medical evidence including treatment notes from Drs. Podapati, Yalamanchi, and Mongiardo. After reviewing the evidence, Dr. Sommers stated that the plaintiff did not suffer from angina and was "not very limited" by his heart. Nor does the plaintiff offer evidence to undermine Dr. Ratliff's report.[1] Similarly, the ALJ noted that the plaintiff's testimony concerning his daily routine contradicted his allegations of disability. The ALJ noted, for example, that the plaintiff raised cattle; cut, split and hauled wood; and maintained a 200-square foot vegetable garden.

---

[1] For example, the plaintiff might have asked Dr. Sommers whether Dr. Ratliff's report was sufficiently comprehensive to be useful in determining disability.

The ALJ properly used his discretion in weighing the evidence and determining the plaintiff's limitations. Therefore, the court will not overturn his decision. Accordingly,

**IT IS ORDERED** that the report and recommendation of the magistrate judge (DE 13) is **ADOPTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 7) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 11) is **GRANTED**.

Signed on January 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY